**FILED**

IN THE UNITED STATES DISTRICT COURT
NORTHERN INDIANA
FORT WAYNE DIVISION

AUG 28 2013

ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

WILLIAM BOGAN, )
    Plaintiff, )
 )
vs. ) Case Number: **1 : 13 C V 2 5 6 WCL**
 )
KAWASAKI MOTORS )
CORPORATION, USA, )
    Defendant. )

## COMPLAINT FOR DAMAGES

COMES NOW William Bogan (hereinafter "Plaintiff") and for his Complaint against Kawasaki Motors Corporation, USA (hereinafter "Defendant") alleges as follows:

1. At all relevant times, Plaintiff William Bogan was a resident of Huntington County, Indiana.

2. Defendant Kawasaki Motors Corporation, USA is a California corporation, with its principal place of business at 9950 Jeronimo Road, Irvine, California, 92618.

3. Defendant designs, researches, develops, manufactures, test, markets, advertises, promotes, distributes, and sells products, including Kawasaki motorcycles.

4. At all relevant times, Defendant developed, tested, assembled, manufactured, distributed, supplied and/or sold the 2011 Kawasaki Ninja, which was sold to Plaintiff.

5. On or about the first day of September, 2011, Plaintiff was operating a 2011 Kawasaki Ninja, VIN JKAZX4R16BA026986, on Mayne Road, in Huntington County, Indiana.

6. As a result of the defective 2011 Kawasaki Ninja, Plaintiff had a loss of power, which put the Ninja into an uncontrollable wobble. Plaintiff was ejected from the Ninja, and the motorcycle continued on approximately one hundred feet before coming to rest after overturning at least three times.

## COUNT I

### PRODUCTS LIABILITY – DEFECTIVE MANUFACTURE

COMES NOW Plaintiff, by Counsel, and for his first claim against Defendant Kawasaki Motors Corporation, USA, alleges and states:

7. To the extent they are relevant to his first claim, Plaintiff incorporates all the provisions in paragraphs 1 through 6 of this Complaint the same as if set forth herein.

8. The 2011 Kawasaki Ninja, VIN JKAZX4R16BA026986 (hereinafter "Ninja"), was defectively manufactured and not in good compliance with the National Traffic and Motor Vehicle Safety Act approved by the National Highway Traffic Safety Administration, and a product defect was allowed to be created, contained, or placed within the product in Defendant's manufacturing process.

9. The Ninja's defect was a deviation from Defendant's design and quality manufacturing standards for the Ninja approved by the National Highway Traffic Safety Administration.

10. As a result of the defect, the Ninja was in a defective condition and unreasonably dangerous to Plaintiff when it left Defendant's hands.

11. Defendant knew or should have known that the Ninja would not be inspected for imperfections and/or other product defect in manufacturing prior to purchase by Plaintiff, and that if it were inspected for such imperfections and/or product defect, the same could not be discerned or perceived.

12. The Ninja was used in the manner intended.

13. By reason of the foregoing, Plaintiff has and will be caused bodily injury, pain, suffering, and economic loss in an amount greater than $75,000.

14. As a direct and proximate result of Defendant's defective manufacture, Plaintiff sustained multiple serious injuries and significant damages, including, but not limited to, property damages and related expenses, medical expenses (past and future), miscellaneous expenses, loss of income and earning capacity, physical pain, traumatic anxiety, impairment of bodily function, permanent scarring and disfigurement, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for damages against Defendant in an amount that is reasonable and adequate for his damages and injuries.

## COUNT II

## PRODUCTS LIABILITY – FAILURE TO WARN

COMES NOW Plaintiff, by Counsel, and for his second claim against Defendant alleges and states:

15. To the extent they are relevant to his second claim, Plaintiff incorporates all the provisions in paragraphs 1 through 14 of this Complaint the same as if set forth herein.

16. Defendant developed, tested, assembled, manufactured, marketed, supplied and/or sold the Ninja in the course of its business and continued to do so without properly determining the prevalence of rates for defect relating to the Ninja.

17. Defendant failed to properly package or label the Ninja to give reasonable warnings of the dangers about said product, including but not limited to warnings to Plaintiff of the adverse effects and risks of said product. Defendant knew of the defective condition of the motorcycle. Defendant issued a recall notice regarding the defect, but failed to do so in a timely manner.

18. As a direct result of Defendant's failure to warn, Plaintiff sustained injuries and damages, including but not limited to medical expenses (past and future), property damages and related expenses, loss of income, physical pain, traumatic anxiety, impairment of bodily function, permanent scarring and disfigurement, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for damages against Defendant in an amount that is reasonable and adequate for his damages and injuries.

## COUNT III

## PRODUCTS LIABILITY-NEGLIGENCE

COMES NOW Plaintiff, by Counsel, and for his third claim against Defendant alleges and states:

19. To the extent they are relevant to his third claim, Plaintiff incorporates all the provisions in paragraphs 1 through 19 of this Complaint the same as if set forth herein.

20. Defendant and its employees, agents, and/or representatives, had a duty to properly design, manufacture, test, market, deliver, label, warn, prepare and/or promote said Ninja.

21. Defendant and its employees, agents, and/or representatives, knew or in the exercise of reasonable care should have known, that the Ninja was of such a nature that if it was not properly designed, manufactured, tested, delivered, labeled, marketed and/or promoted, it was likely to injure Plaintiff.

22. Defendant and its employees, agents, and/or representatives breached said duties by negligently and carelessly designing, manufacturing, testing, delivering, labeling, marketing, warning, and/or promoting said Ninja for use and/or by failing to ascertain that the Ninja was dangerous and unsafe for the use and purpose for which it was intended, and was likely to injure Plaintiff.

23. Defendant and its employees, agents, and/or representatives negligently and carelessly promoted and/or sold the product for use by the Plaintiff.

24. Defendant, by and through its employees, agents, and/or representatives, negligently and carelessly allowed the Ninja to be used by Plaintiff in an improper manner.

25. Plaintiff sustained serious injuries, including but not limited to, open fracture skull base, closed head injury, bilateral Ethmoid sinus fractures, mandible fractures, nasal fractures, large tongue laceration, bilateral Pterygoid plate fractures, frontal sinus bone fracture, bilateral pneumothorax, left acromioclavicular joint separation, and acute Tracheobronchitis, necessitating numerous medical procedures (past and future) and permanent conditions.

26. As a result of the negligence of Defendant, Plaintiff sustained injuries and damages in an amount greater than $75,000, including but not limited to, property damages and related expenses, medical expenses (past and future), loss of income, physical pain, traumatic anxiety, impairment of bodily function, permanent scarring and disfigurement, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for damages against Defendant in an amount that is reasonable and adequate for his damages and injuries.

## COUNT IV

## PRODUCTS LIABILITY – BREACH OF IMPLIED WARRANTY

COMES NOW Plaintiff, by Counsel, and for his fourth claim against Defendant, alleges and states:

27. To the extent they are relevant to his fourth claim, Plaintiff incorporates all the provisions in paragraphs 1 through 25 of this Complaint the same as if set forth herein.

28. Defendant manufactured, designed, distributed, promoted, and sold the aforesaid Ninja, and prior to the time that said product was sold or supplied to Plaintiff, Defendant impliedly warranted to Plaintiff that said product was of merchantable quality and safe for the use for which it was intended.

29. Said Ninja was unsafe for its intended use, and was not of merchantable quality, as warranted by Defendant, in that it had dangerous propensities when put to its intended use and it could and did cause severe injury to Plaintiff.

30. As a direct result of the foregoing acts by Defendant, Plaintiff sustained injuries and damages, including but not limited to, medical expenses (past and future), property damages and related expenses, loss of income, physical pain, traumatic anxiety, impairment of bodily function, permanent scarring and disfigurement, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for damages against Defendant in an amount that is reasonable and adequate for his damages and injuries.

## COUNT V

### PRODUCTS LIABILITY – BREACH OF EXPRESS WARRANTY

COMES NOW Plaintiff, by Counsel, and for his fifth claim against Defendant, alleges and states:

31. To the extent they are relevant to his fifth claim, Plaintiff incorporates all the provisions in paragraphs 1 through 29 of this Complaint the same as if set forth herein.

32. The aforesaid manufacturing, designing, packaging, distributing, promoting, and selling of aforesaid Ninja, were expressly warranted to be safe for Plaintiff and other members of the general public.

33. At the time of making said express warranties, Defendant had knowledge of the purpose for which the aforesaid Ninja was to be used and warranted the same to be, in all respects, fit, safe, effective, and proper for such purpose.

34. Plaintiff relied upon the skill and judgment of Defendant, and upon said express warranties, in connection with the selection and use of the aforesaid product. Said warranties and representations were untrue in that the Ninja was unsafe and was, therefore, unsuited for the use in which it was intended. The Ninja, in fact, caused Plaintiff to sustain severe injuries and damages as herein alleged.

35. As a direct result of the foregoing acts by Defendant, Plaintiff sustained injuries and damages, including but not limited to, medical expenses (past and future), property damages and related expenses, loss of income, physical pain, traumatic anxiety, impairment of bodily function, permanent scarring and disfigurement, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for his damages against Defendant in an amount that is reasonable and adequate for his damages and injuries.

Respectfully submitted,

M. P. Smith & Associates, P.C.

*[signature]*

Mark Paul Smith, #1820-02
622 S. Calhoun Street
Fort Wayne, IN  46802
Telephone: (260) 420-1234
Facsimile: (260) 422-3567